IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CARLOS JEAN PIERRE, | : |
| Plaintiff, | : |
| VS. | : |
| | : NO. 5:16-CV-00089-MTT-CHW |
| THE GEO GROUP, INC., *et al.*, | : |
| Defendants. | : |
| _____ | : |

## ORDER

In accordance with the Court's previous Order, *pro se* Plaintiff Carlos Jean Pierre, who is currently incarcerated at the Burruss Correctional Training Center in Forsyth, Georgia, has filed an amended complaint seeking relief pursuant to 42 U.S.C. § 1983. The undersigned has reviewed Plaintiff's allegations, and finds that Plaintiff's religious freedom claims against Defendants Fletcher, Warren, and Young should proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

I.  **Preliminary Screening**

A. Standard of Review

Because Plaintiff is a prisoner "seek[ing] redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir.

2006).  *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Id.* (internal quotation marks omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id.* (internal quotation marks omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action."  *Twombly*, 550 U.S. at 555 (first alteration in original).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

2

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

    B. Factual Allegations

Plaintiff's claims arise from his incarceration at the Riverbend Correctional Facility ("RCF"). (Compl. 2, ECF No. 1.) Plaintiff, a practicing Muslim, alleges that on March 13, 2015, he requested that Defendant Clark, the prison's medical director, issue him a profile that would permit him to grow an eighth-inch beard. (Am. Compl. 2, ECF No. 6.) Plaintiff asserts he has had this profile for the last six years, but Defendant Clark refused to re-issue it. *See id.* Because Defendant Clark declined to issue Plaintiff the profile, Plaintiff was ordered by Defendants Fletcher, Warren, and Dixon—all RCF prison officials—to "close shave" with a razor, which inflicted pain and caused Plaintiff's skin to break out. *Id.*

After this incident, RCF changed its standard operating procedures to allow all offenders to wear a beard up to a half-inch in length effective May 1, 2015. *Id.* Plaintiff was told by prison officials that the new SOP would resolve any medical or religious request Plaintiff had to wear an eighth-inch beard. *Id.* Despite this loosened restriction, however, Plaintiff alleges that on June 4, 2015, he was placed in segregation for two to three days by Defendants Fletcher, Warren, and Young because of his facial hair. *Id.* at 3.

On October 28, 2015, Plaintiff sought a "special religious request" from the prison's chaplain to grow his beard to comply with the dictates of his Muslim faith. *Id.* The chaplain advised Plaintiff that he had spoken with Defendants Fletcher, Warren, and Young about Plaintiff's facial hair and that he "shouldn't have a problem." *Id.* Despite these assurances, Plaintiff asserts that on December 2, 2015 he was forced to shave by Defendants Fletcher and Young "under the threat of Isolation." *Id.* Plaintiff alleges that at the time he was forced to shave, he was "in complete compliance" with the prison's SOP on facial hair, had an approved special religious request to grow his facial hair, and had a medical profile allowing him to grow an eighth-inch beard. *Id.*

Plaintiff contends Defendants Fletcher, Warren, Young, Dixon, and Clark have been deliberately indifferent to Plaintiff's medical needs and his religious rights in violation of the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000c *et seq*. (Am. Compl. 2-3.) Plaintiff also contends that Defendant Head, the prison warden, and Defendant Smith, the grievance coordinator, should be held constitutionally liable "by reason of their failure to correct issues during the administrative appeal and grievance process when all fact[s] where [sic] clear" and readily available to them. *Id.* at 4. Plaintiff seeks injunctive and declaratory relief, as well as punitive and compensatory damages and court costs as a result of these alleged constitutional violations. (Compl. 4, Am. Compl. 4.)

    C.  <u>Plaintiff's Claims</u>

        1.  *Medical Deliberate Indifference Claims*

Plaintiff first alleges that Defendant Clark denied him a medical profile permitting

4

him to grow an eighth-inch beard and that Defendants Fletcher, Warren, and Dixon forced him to "close shave" with a razor, causing pain and skin irritation and violating his constitutional rights. (Am. Compl. 2.) A prisoner who demonstrates that a prison official was deliberately indifferent to his serious medical needs can state a constitutional claim cognizable under 42 U.S.C. § 1983. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need," and must also "prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, prison officials must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam). "Mere negligence in diagnosing or treating a medical condition, or even medical malpractice, does not state an Eighth Amendment claim of medical mistreatment." *Id.*

Plaintiff has failed to set forth sufficient evidence of an objectively serious medical need. Although he contends he required a shaving profile, he does not identify any sort of medical condition that the shaving profile was intended to treat, and Plaintiff does not state that he experienced a great deal of pain or any symptoms other than discomfort as a result of being required to shave. *See, e.g., Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986) (per curiam) (prisoner who suffered from condition that caused "bleeding, inflammation, irritation, ingrowing of hairs, infection, purulence, and pain" when forced to shave did not have a "serious medical need" within the meaning of

5

the Eighth Amendment), *abrogated on other grounds by Harris v. Chapman*, 97 F.3d 499 (11th Cir. 1996). Thus, to the extent Plaintiff seeks to bring medical deliberate indifference claims against Defendants Clark, Fletcher, Warren, or Dixon, it is **RECOMMENDED** that such claims be **DISMISSED without prejudice.**

### 2. *Religious Freedom Claims*

Plaintiff alleges that as a practicing Muslim, he has a religious "obligation to grow [his] beard." (Am. Compl. 2.) Plaintiff further alleges that Defendants Fletcher, Warren, and Young placed Plaintiff in segregation because of the length of his facial hair. *Id.* at 3. Plaintiff also alleges that Defendants Fletcher and Young forced Plaintiff to shave "under the threat of Isolation." *Id.*

The First Amendment, as applied to the states through the Due Process Clause of the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. Prison officials may limit a prisoner's free exercise of sincerely held religious beliefs if such "limitations are 'reasonably related to legitimate penological interests.'" *Johnson v. Brown*, 581 F. App'x 777, 780 (11th Cir. 2014) (per curiam) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987)).

RLUIPA requires the government to justify any substantial burden on a prisoner's religious exercise by demonstrating a compelling governmental interest. *See Smith v. Allen*, 502 F.3d 1255, 1266 (11th Cir. 2007) *abrogated on other grounds by Sossamon v. Texas*, 131 S. Ct. 1651, 1659 (2011). "To establish a *prima facie* case under section 3 of RLUIPA, a plaintiff must demonstrate 1) that he engaged in a religious exercise; and 2)

that the religious exercise was substantially burdened." *Smith v. Governor for Alabama*, 562 F. App'x 806, 813 (11th Cir. 2014) (per curiam) (internal quotation marks omitted).

Plaintiff has alleged that the actions of Defendants Fletcher, Warren, and Young have substantially burdened his sincerely held religious beliefs. *See, e.g., Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) (observing that prison policy requiring Muslim prisoner to shave his beard in contravention of sincerely held religious beliefs or "face serious disciplinary action" substantially burdened prisoner's religious exercise). While Defendants may have "legitimate penological interests" that would justify their alleged actions, at this stage of the litigation such interests are not apparent from the face of the Complaint. *Johnson*, 581 F. App'x at 780-81. Thus, Plaintiff's allegations are sufficient to warrant further factual development, and Plaintiff's religious freedom claims shall proceed against Defendants Fletcher, Warren, and Young. *See, e.g., id.* at 781 (reversing district court's dismissal of RLUIPA and First Amendment free exercise claims where prisoner's *pro se* complaint alleged that prison officials infringed his practice in numerous ways); *Saleem v. Evans*, 866 F.2d 1313, 1316 (11th Cir. 1989) (per curiam) (noting in appendix to case that generally the court should "permit dismissal of a First Amendment claim only if it involves a religious claim so facially idiosyncratic that neither a hearing nor state justification of its regulation is required").

Plaintiff also alleges that Defendants Head and Smith violated his constitutional rights, apparently because they failed to find in his favor during the administrative appeal and grievance processes. (Am. Compl. 4.) Supervisors, such as Defendants Head and Smith, can only be held liable under § 1983 if they personally participated in the

7

allegedly unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation. *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam). A causal connection can be established if the plaintiff shows

> (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted). The only allegations against Defendants Head and Smith are that they did not "correct issues during the administrative appeal and grievance process." (Am. Compl. 4.) The mere fact that a supervisor receives a grievance, however, does not establish the supervisor's liability for the allegedly unconstitutional conduct complained about in the grievance. *See, e.g., Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 492 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Smith v. Prine*, No. 7:09-CV-153 (HL), 2012 WL 2308639, at *4 (M.D. Ga. May 2, 2012) (filing a grievance does not alone show that a supervisor had subjective knowledge of a substantial risk of serious harm sufficient to impose § 1983 liability on the supervisor); *Nichols v. Burnside*, No. 5:11-CV-116 (MTT), 2011 WL 2036709, at *3

8

(M.D. Ga. Apr. 21, 2011) (same).[1]  Plaintiff's Complaint does not allege that Defendants Head or Smith personally participated in any decision-making regarding Plaintiff's facial hair, had any customs or policies to require forced shaving or to threaten punishment under the circumstances described by Plaintiff, directed any of their subordinates to act unlawfully, or knew they were doing so, had an opportunity to act, and failed to stop them.  The grievances and appeals Plaintiff filed may have apprised Defendants Head and Smith of Plaintiff's belief that his constitutional rights were violated, but they fall short of informing Defendants of the kind of "widespread abuse" that is required to impose supervisory liability on a prison official.  *See Hendrix*, 535 F. App'x at 805 (plaintiff's contention that supervisors were on notice of need to correct constitutional deprivations because supervisors were aware of his administrative grievances and state court litigation was insufficient to establish that any alleged abuse was more than just an isolated occurrence).  It is therefore **RECOMMENDED** that any claims against Defendants Head and Smith be **DISMISSED without prejudice.**

### 3.  *Claims against the GEO Group, Inc.*

It appears Plaintiff may have intended to drop his claims against Defendant GEO Group, Inc., a private contractor that operates RCF.  Plaintiff does not mention this Defendant in his Amended Complaint, and nowhere does he specifically allege any

---

[1] The undersigned further notes that prisoners have no constitutionally-protected liberty interest in accessing a prison's grievance procedure.  *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam); *Thomas v. Warner*, 237 F. App'x 435, 438 (11th Cir. 2007) (per curiam) ("Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim.").  Thus, to the extent Plaintiff is attempting to claim that any Defendant did not comply with the prison's grievance procedures, those claims would likewise be subject to dismissal.

constitutional wrongdoing on the part of this Defendant. To the extent Plaintiff does seek to raise such claim, however, it should be dismissed. A private contractor, like GEO Group, who operates a prison service cannot be held liable under § 1983 unless the alleged constitutional deprivation occurred as a direct result of the contractor's official policies or customs. *See Flakes v. Donald*, No. CV507-97, 2008 WL 3925177, at *1 (S.D. Ga. May 15, 2008) (citing *Farrow v. West*, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978)); and *Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992)); *see also Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam) (holding that when a private corporation contracts with the county to provide medical services to inmates, the entity should be treated as a municipality). Plaintiff has not alleged that Defendant GEO Group maintained any policy or custom that resulted in the denial of Plaintiff's constitutional rights. Therefore it is **RECOMMENDED** that any claims against GEO Group, Inc. be **DISMISSED without prejudice.**

## II.     Conclusion

Based on the foregoing, the undersigned shall permit Plaintiff's religious freedom claims against Defendants Fletcher, Warren, and Young to proceed for further factual development. It is **RECOMMENDED**, however, that the following claims be **DISMISSED without prejudice**: (1) claims against the Geo Group, Inc.; (2) the medical deliberate indifference claims against Defendants Clark, Fletcher, Warren, and Dixon; and (3) the supervisory liability claims against Defendants Smith and Head.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against the Defendants identified above it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has

been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

     IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

     Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission

of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

As previously noted, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue

until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 3rd day of June, 2016.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge